IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. |
| AIR, SEA AND GROUND, INC., ROCKFORD-MONTGOMERY LABS, INC. and IAHL CORPORATION f/k/a THREE SIXTY, INC. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, respectfully submits this Complaint against Defendants Air, Sea and Ground, Inc. ("ASGI"), Rockford-Montgomery Labs, Inc. ("Rockford") and IAHL Corporation ("IAHL") f/k/a Three Sixty, Inc. ("Three Sixty") (collectively, "Defendants").

## NATURE OF THE CASE

1.     This action arises out of Defendants' willful refusal to pay monies due and owing to WWE under the terms of a sponsorship agreement among the parties, while Defendants to this day continue to exploit and trade on WWE's famous, federally-protected intellectual property rights in association with, and for the benefit of, Defendants' products.

2.     WWE and Defendants, through ASGI, entered into the written Sponsorship Agreement (the "Sponsorship Agreement"), effective as of December 16, 2006, pursuant to which WWE agreed to identify certain of Defendants' products as the presenting sponsor of WWE's WRESTLEMANIA pay-per-view event—WWE's premier annual show— and to license certain trademarks, service marks, trade names and other intellectual property (the

"WWE Intellectual Property") to Defendants for the promotion of Defendants' products. In consideration for such affiliation with the famous WWE Intellectual Property, Defendants promised to pay WWE a total of $1,000,000.

3.      After an initial $75,000 payment, Defendants have failed to pay WWE the remaining $925,000 owed under the Sponsorship Agreement.

4.      As a result of Defendants' non-payment, WWE notified Defendants that they were in breach of the Sponsorship Agreement and demanded that Defendants cease using the WWE Intellectual Property in connection with any products.

5.      Although Defendants have consistently acknowledged their debt to WWE under the Sponsorship Agreement, Defendants have refused to pay the balance of the debt due and owing and continued to trade on and exploit the WWE Intellectual Property without WWE's consent.

6.      By this action, WWE seeks, among other things, an award of damages resulting from Defendants' breach of the Sponsorship Agreement and Defendants' subsequent violations of WWE's intellectual property rights. Additionally, WWE seeks a permanent injunction to prohibit Defendants from continuing to trade on and exploit the WWE Intellectual Property. Defendants have harmed and, absent such equitable relief, will continue to harm WWE irreparably.

## PARTIES

7.      Plaintiff WWE is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events, and the licensing

and sale of branded consumer products featuring its WORLD WRESTLING
ENTERTAINMENT brand.

8.     Defendant ASGI is a company organized and existing under the laws of
the State of Nevada.  Upon information and belief, ASGI's principal place of business is located
at 220 College Avenue, 7th Floor, Athens, Georgia 30601.

9.     Defendant Rockford is a corporation organized and existing under laws of
the State of Nevada.  Upon information and belief, Rockford's principal place of business is
located at 220 College Avenue, 7th Floor, Athens, Georgia 30601.

10.     Upon information and belief, Defendant IAHL is a corporation organized
under the laws of the State of Delaware.  Upon information and belief, IAHL maintains an office
in Coral Gables, Florida, and may be served through its registered agent, Delaware Corporations,
LLC, at its address 800 Delaware Avenue, Wilmington, Delaware 19801.  Upon information and
belief, Three Sixty, Inc. changed its name to IAHL Corporation on or around October 5, 2007.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Defendants insofar as
Defendants are domiciled in and/or solicited and conducted business within the State of Georgia
through the sale and marketing of their product, thereby purposely availing themselves of the
privilege of acting in the State of Georgia.

12.     This Court has subject matter jurisdiction over Plaintiffs' Lanham Act
claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and supplemental
jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia,* a substantial part of the events giving rise to the claims stated herein occurred in this District.

<strong><u>FACTUAL BACKGROUND</u></strong>

**<u>WWE's Business Operations</u>**

14.     WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events, and the licensing and sale of branded consumer products featuring its WORLD WRESTLING ENTERTAINMENT brand.

15.     WWE's unique product, for which it coined the term "sports entertainment," is perhaps best described as an action-adventure episodic drama that is akin to an ongoing, ever-developing soap opera based around WWE's distinctive and provocative characters.  WWE creates colorful characters that generally appear under a trademarked name and are distinctively delineated with unique persona, history, relationships, music, visual appearance, and behavior.

16.     WWE promotes hundreds of live shows each year in arenas and stadiums in cities around the world.  WWE also produces weekly television programs on broadcast and cable television that are distributed around the world and monthly pay-per-view programs available through cable and satellite pay-per-view distributors.  WRESTLEMANIA is WWE's premier annual show.  WWE has produced WRESTLEMANIA every year since 1985.

17.     In addition, WWE offers a video-on-demand service available through cable distributors and via the Internet of its extensive library of historical footage from WWE, including, but not limited to, footage from past WRESLEMANIA pay-per-view events. Ancillary to its sports entertainment programming, WWE engages in an extensive licensing

program pursuant to which WWE's copyrighted characters, trademarks, service marks and other intellectual property rights are depicted on myriad consumer products.

18.    In connection with its wrestling entertainment services and related goods and services, WWE owns numerous common law and federally registered trademarks.  In particular, WWE owns common law rights and a number of registrations for its WORLD WRESTLING ENTERTAINMENT, WWE, and WRESTLEMANIA marks, including, but not limited to, U.S. Registration Nos. 3,056,074, 2,772,683, 2,757,600, 2,757,599, 2,754,499, 2,870,426, 2,902,203, 2,917,910, 2,772,677, 2,818,358, 2,881,508, 2,625,125, 1,432,884, and 1,863,534.

**The Sponsorship Agreement between WWE and ASGI**

19.    Defendants, through ASGI, market 360 OTC™, a line of FDA over-the-counter (OTC) approved pharmaceuticals which include a pain reliever/fever reducer, alertness aid, heartburn reliever and two overindulgence relievers sold in CVS, Wal-Mart and Target.

20.    On or about October 27, 2006, WWE and ASGI entered into the Sponsorship Agreement.  On or about December 6, 2006, WWE and ASGI entered into an amendment to the Sponsorship Agreement.

21.    Pursuant to the Sponsorship Agreement as amended, WWE agreed to identify 360 OTC™ as the presenting sponsor and "Official Pain Relief" of WRESTLEMANIA

22.    In addition, WWE granted a license to ASGI and Rockford to use the WWE Intellectual Property in connection with advertisements and promotional campaigns in connection with being the presenting sponsor of WRESTLEMANIA 23.

23.    In exchange for these rights, ASGI expressly agreed and was obligated to pay WWE a net fee of $1,000,000 to be paid as follows:

| Date | Gross Payment Due | Net Payment Due WWE |
|------|-------------------|---------------------|
| 12/15/06 | $176,470.59 | $150,000.00 |
| 01/15/07 | $176,470.59 | $150,000.00 |
| 02/15/07 | $411,764.71 | $350,000.00 |
| 04/30/07 | $411,764.70 | $350,000.00 |
| **TOTALS** | $1,176,470.59 | $1,000,000 |

**ASGI's Breach of the Sponsorship Agreement**

24.     WWE fully performed its obligations under the Sponsorship Agreement by identifying 360 OTC™ as the presenting sponsor of WRESTLEMANIA 23 in promotional and advertising materials and is not now, and has never been, in breach of any provision of the Sponsorship Agreement.

25.     ASGI, on the other hand, has willfully, intentionally and repeatedly refused to make the fee payments to WWE as required under the Sponsorship Agreement despite WWE's requests for such payment and many assurances from ASGI that payment would be made.

26.     As a result of ASGI's refusal to make payments under the Sponsorship Agreement, ASGI has materially breached the Sponsorship Agreement.  Despite being in breach of the Sponsorship Agreement, ASGI has and continues to exploit the benefits of the Sponsorship Agreement by, among other things, depicting the WWE Intellectual Property on its website at www.360OTC.com in association with advertising that 360 OTC™ is "the official pain relief of WRESTLEMANIA 23."

27.     WWE repeatedly attempted to collect the delinquent fee payments.  In response to each such attempt, Defendants acknowledged that the debt was due and owing yet continued to refuse to make payment.

28.     In addition, by letter dated September 25, 2007 from WWE's outside counsel, Defendants were directed to immediately remove the WWE Intellectual Property from their website at www.360OTC.com.

29.     To date, Defendants have continued to refuse to pay the outstanding amounts owed to WWE and to remove the WWE Intellectual Property from their website. Thus, Defendants are misrepresenting to consumers that they are affiliated, connected and/or associated with WWE.

30.     Defendants' continuing use of the WWE Intellectual Property without authorization to do so violates the Lanham Act.

31.     Unless injunctive relief is granted enjoining Defendants from using the WWE Intellectual Property, WWE will suffer injury to their business, good will and reputation, which injury is substantial and irreparable and cannot be adequately compensated by money damages.

32.     Injunctive relief is an appropriate remedy for Defendants' failure to cease the use of the WWE Intellectual Property after termination of the Sponsorship Agreement, as ASGI expressly acknowledged in Paragraph 13.6 of the Sponsorship Agreement.  Paragraph 13.6 of the Sponsorship Agreement provides that:

> 13.6.  Equitable Relief.  [ASGI] acknowledges that breach by [ASGI] of Section 13.5 may cause immediate irreparable harm to WWE, and that there is no adequate remedy at law for such failures.  Accordingly, in such event WWE shall be entitled, in addition to such monetary relief as may be recoverable by law, to such injunctive or other equitable relief as may be appropriate to

restrain any threatened, continuing or further breach by [ASGI], without showing or proving any actual damages sustained, and without bond.

## COUNT I

### Breach of Contract (Against ASGI and IAHL)

33.     The allegations set forth in each and every proceeding paragraph are incorporated herein by reference.

34.     ASGI and WWE are parties to the Sponsorship Agreement, which is a valid and enforceable contract.

35.     Upon information and belief, IAHL is the successor-in-interest to ASGI's assets and liabilities, including ASGI's obligations under the Sponsorship Agreement, or IAHL is otherwise liable to WWE under the Sponsorship Agreement.

36.     In exchange for identifying 360 OTC™ as the presenting sponsor of WRESTLEMANIA 23 and receiving a license to use WWE Intellectual Property mark in connection with being the presenting sponsor, ASGI agreed to, among other things, make timely fee payments to WWE.

37.     WWE has performed all of its obligations under the Sponsorship Agreement and has not waived any of its rights under the Sponsorship Agreement.

38.     ASGI has breached and ASGI and IAHL continue to breach the Agreement by, among other things, failing to pay $1,000,000 when due on April 30, 2007 and continuing to use and exploit the WWE Intellectual Property.

39.     ASGI's and IAHL's refusal to make timely fee payments to WWE has damaged WWE in an amount to be determined at trial.

40.     As a direct and proximate result of ASGI's and IAHL's conduct as aforesaid WWE has sustained and will continue to sustain loss of value of its business, loss of revenue and other monetary damages in an amount to be determined at trial.

41.     As a further direct and proximate result of ASGI's and IAHL's conduct as aforesaid, for which there is no adequate remedy at law, WWE has suffered and will continue to suffer injury to their business, good will and reputation, which injury is substantial and irreparable and cannot be adequately compensated by money damages alone.

## COUNT II

### Unjust Enrichment (Against Rockford)

42.     The allegations set forth in each and every proceeding paragraph are incorporated herein by reference.

43.     In connection with the Sponsorship Agreement, WWE conferred a benefit upon Rockford by identifying Rockford's product, 360 OTC™, as the presenting sponsor of WRESTLEMANIA 23 and granting a license to use WWE Intellectual Property mark in connection with advertising and promoting 360 OTC™.

44.     WWE identified 360 OTC™ as the presenting sponsor of WRESTLEMANIA 23 and Rockford has advertised and promoted 360 OTC™ using the WWE Intellectual Property.

45.     It would be inequitable for Rockford to retain the benefits of the Sponsorship Agreement and the WWE Intellectual Property without payment of value.

## COUNT III

### Section 43(a) of the Lanham Act: Unfair Competition (Against All Defendants)

46.     The allegations set forth in each and every proceeding paragraph are incorporated herein by reference.

47.     Defendants have made use of the WWE Intellectual Property and/or other words, terms, names, symbols or devices, or any combination thereof, false designation of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion and mistake among consumers that (a) there is some affiliation, connection or association of Defendants' 360 OTC™ products with WWE and/or (b) Defendants' 360 OTC™ products are being offered to consumers with the sponsorship and/or approval of WWE in violation of 15 U.S.C. § 1125(a)(1)(A).

48.     Defendants' misconduct has injured WWE in an amount to be determined at trial and has caused and will continue to cause irreparable injury to WWE, for which WWE has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, WWE respectfully request that this Court enter judgment in their favor and against Defendants by awarding the following damages and other relief:

(1)     An injunction preliminarily and permanently enjoining Defendants from using and/or exploiting the WWE Intellectual Property and breaching any provisions of the Sponsorship Agreement.

(2)     Compensatory damages in an amount to be determined at trial.

(3)     Any profits Defendants have made and any damages WWE has suffered as a result of Defendants' infringing activities and directing the amount be trebled because

- 10 -

Defendants' acts were willful.

(4)    WWE's costs, expenses and reasonable attorneys' fees incurred in bringing this action.

(5)    Such other and further legal and equitable relief as this Court may deem just and proper.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

  /s/ Celeste McCollough
Celeste McCollough
Georgia Bar No. 487013
Attorney for Plaintiff
*World Wrestling Entertainment, Inc.*

CHOREY, TAYLOR & FEIL,
  a Professional Corporation
The Lenox Building
Suite 1700
3399 Peachtree Road, NE
Atlanta, Georgia 30326-1149
(404) 841-3200
Fax: (404) 841-3221
celeste@ctflegal.com